UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEMINI INSURANCE COMPANY**<br>**Plaintiff** | **CIVIL ACTION NO: 2:13-CV-05922** |
| **VERSUS** | **JUDGE: Helen G. Berrigan** |
| **TURNER INDUSTRIES GROUP, LLC and/or TURNER INSDUSTRIES, LLC, M. SCOTT BOYINGTON, WENDY BOYINGTON, DANIELL LEGION NIELSON, MISTY MCTOPY TRICHE, JASON TRICHE, and MELISSA TRICHE**<br>**Defendant** | **MAGISTRATE: Daniel E. Knowles, III** |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ON GROUNDS OF ABSTENTION

**MAY IT PLEASE THE COURT:**

### INTRODUCTION

Turner Industries Group, LLC ("Turner") has filed the foregoing Motion to Dismiss on Grounds of Abstention, based on the principles of fairness and judicial efficiency set forth by the United States Supreme Court in Brillhart, and the United States Fifth Circuit in Trejo. Claimant, Gemini Insurance Company ("Gemini") filed this declaratory action, seeking interpretation of an insurance policy that is at issue in a corresponding state court suits. Gemini wants the allegations of four pending state court petitions to be defined by the federal court as a single occurrence under that policy.[1] This would effectively limit Gemini's risk of liability from $4,000,000 to $2,000,000. As more fully explained below, this Court should abstain from jurisdiction and

---

[1] Doc 6, ¶30.

should exercise its discretionary power to dismiss this declaratory action in favor of a comprehensive resolution in state court.

## FACTUAL AND PROCEDURAL BACKGROUND

<u>Actions giving rise to state court litigation and federal coverage dispute</u>

This litigation arises out of several shootings that occurred in St. John the Baptist Parish. Turner and Gemini are codefendants in four state court actions involving identical facts.

Scott Boyington, a St. John the Baptist Parish Sheriff Deputy, was hired by Valero Energy Corporation to provide private security at an off-site parking lot. The lot was used in part by Turner Industries employees working on the Diamond Green Biodegradable Diesel Construction Project in Norco, Louisiana.[2]

On the morning of August 16, 2012, while a line of vehicles waited for their turn to exit the parking lot, Terry Smith and the occupants of his vehicle cut to the front of the line to by pass the security checkpoint. Deputy Boyington demanded identification from the driver and a verbal altercation ensued. Terry Smith and the vehicle occupants refused to obey and instead, fled the parking lot in their vehicle. Deputy Boyington gave chase in his vehicle.[3] Without warning, Terry Smith's vehicle stopped in the roadway and one or more of the occupants exited the vehicle and fired upon Deputy Boyington. Deputy Boyington was struck by multiple bullets and withdrew from the gunfight to receive emergency medical care.[4] The assailants fled the scene.

To investigate the shooting, St. John the Baptist Parish Deputies Jason Triche, Jeremy Triche, and Brandon Nielson drove to the nearby residence of Terry Smith and the other

---

[2] Doc. 1, ¶17.
[3] Doc. 1, ¶19-20.
[4] Doc. 1, ¶21.

occupants. By the time the deputies arrived, Terry Smith and the vehicle occupants lay in wait and shot the officers as they approached the residence. Deputies Jeremy Triche and Brandon Nielson were killed. Deputy Jason Triche was injured, but survived.[5]

Less than 10 days after the shooting, on August 23, 2012, Turner contacted Gemini Insurance Company regarding a possible claim. By this time, Gemini had already created a claim file and directed Turner to communicate with the Gemini adjuster assigned to matter.[6]

State court actions

On August 14, 2013, M. Scott Boyington and his wife Wendy Boyington filed a Petition for Damages in the 40th Judicial District Court for the Parish of St. John the Baptist ("Boyington Action").[7] On August 15, 2013, Jason Triche and the families of Jason Triche, Jeremy Triche, and Brandon Nielson, filed Petitions for Damages in the 40th Judicial District Court as well.[8] In all four petitions, the deputies and their families seek damages from Turner by alleging that the occupants of the vehicle were its employees. The Petitions allege numerous counts of negligence against Turner related to its employment, retention, and security procedures. The petitions also seek recovery from various insurers that issued policies for the benefit of Turner. Those petitions were later amended to specifically name Gemini and Axis Insurance Company ("Axis"), as insurers providing coverage for the alleged loss in favor of Turner Industries, Inc.[9]

---

[5] Doc. 2, ¶22-23.
[6] Exhibit E.
[7] Doc. 6-2, pg. 2 "*M. Scott Boyington et al. v. Turner Industries Group, LLC et al.*"
[8] See, Doc. 6-2, pg. 54, Doc. 6-2, pg. 36, Doc. 6-2, pg. 20.
[9] See, Exhibit A, Exhibit B, Exhibit C, and Exhibit D.

1132321.1

Gemini Insurance Company's evasive actions

Gemini Insurance Company was aware of its duty to defend Turner Industries, Inc. and coverage issues well before any pleading was filed.[10] Gemini's policy is the primary policy for claims arising out of the Diamond Green Biodiesel Owner Controlled Insurance Program (OCIP). With the knowledge of its inevitable involvement in the state court proceedings, Gemini Insurance Company filed this federal declaratory action to have the two sets of shootings declared a single "occurrence" under its policy. In doing so, Gemini evades the scrutiny of the other defendant-insurers named in the state court actions. Gemini fails to name the OCIP excess insurer, Axis Insurance Company ("Axis"). Axis is a necessary party to any coverage issue since it will be liable if Gemini's policy limit is exceeded. Axis is a named defendant in all four state court actions. Gemini Insurance Company is attempting to circumvent the state court actions with this declaratory judgment.

The state court actions are completely proper, reasonable, and judicially efficient to determine whether the above facts constitute a single, or multiple occurrences under the Gemini policy. The same factual and legal issues for interpreting the Gemini policy will necessarily be determined in the state law actions for all other insurers. All of Gemini's claims and issues can be resolved in the state court actions.

Because the exercise of this Court's jurisdiction is discretionary under 28 U.S.C. § 2201, this Court should decline to exercise its authority to declare the rights as sought by Gemini Insurance Company, and thereby dismiss Gemini Insurance Company's Complaint, without prejudice. Abstention and dismissal is consistent with the United States Supreme Court's

---

[10] See Exhibit E.

decisions in Brillhart v. Excess Ins. Co. of America,[11] and Wilton v. Seven Falls Co.,[12] and the United States Fifth Circuit Court of Appeals' decision in St. Paul Ins. Co. v. Trejo.[13] Further, consideration of the factors set forth by those courts weighs in favor of abstention and dismissal.

## LAW AND ARGUMENT

**I.  The exercise of a federal court's jurisdiction over a declaratory judgment action is discretionary and it should decline jurisdiction when there is a pending state court suit.**

Courts enjoy broad discretion under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Under § 2201 this Court may decline jurisdiction and dismiss this action, given that parallel state court proceedings are currently pending.[14] The Supreme Court has advised: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."[15]

The United States Supreme Court, in Brillhart, first set forth several non-exclusive factors to guide a district court in determining whether or not to exercise its discretionary jurisdiction under the Federal Declaratory Judgment Act. The Court, in Brillhart, made clear that a district court is not under any compulsion to rule on a declaratory judgment action. In Wilton, the United States Supreme Court reiterated that under the Declaratory Judgment Act, a federal district court

---

[11] 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)

[12] 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed. 2d 214 (1995)

[13] 39 F.3d 585 (5th Cir. 1994)

[14] Wilton, supra; Brillhart, supra; Trejo, supra; American Cas. Co v. Krieger, 181 F.3d 1113 (9th Cir. 1999); Dresser, Inc. v. Lowry, 320 F.Supp. 2d 486 (W.D. La. 2004); Palmer v. Boucvalt, 789 F.Supp. 211 (M.D. La. 1992). See also, Trent v. National City Bank of Indiana, 145 Fed. Appx. 896, 2005 WL 1990208 (5th Cir. 2005) and American Employers' Ins. Co. v. Eagle, Inc., 122 Fed.Appx. 700, 2004 WL 2790622 (5th Cir. 2004). Trent and Eagle, Inc. are not published opinions and are, pursuant to Fifth Circuit Rule 47.5.4 being cited for their persuasive value and not their precedential value and a copy of each is attached as Exhibits K and L respectively.

[15] Brillhart, 316 U.S. at 495, 62 S.Ct. at 1175-76.

has "unique and substantial discretion in deciding whether to declare the rights of litigants."[16] The Court also made clear that a court's discretion in determining whether or not to entertain an action under the Declaratory Judgment Act exists, even though the suit otherwise satisfies subject matter jurisdictional prerequisites. The Court rejected any notion that there must be "exceptional circumstances" before a court may decline to entertain an action under the Declaratory Judgment Act. The <u>Wilton</u> Court further stated that in the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

The Fifth Circuit, in <u>Trejo</u>, set forth the following non-exclusive factors from <u>Brillhart</u> that should be considered in making the analysis of whether or not to decline jurisdiction over a declaratory judgment action: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists; (5) whether the federal court is a convenient forum for the parties and witnesses; and, (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.[17]

The Fifth Circuit has distilled the <u>Trejo</u> factors into three broad categories: (1) federalism -- the proper allocation of decision-making between state and federal courts; (2)

---

[16] 515 U.S. at 286, 115 S.Ct. at 2142.

[17] <u>Trejo</u> also set forth a seventh factor, which is not applicable here: whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

fairness/improper forum shopping; and, (3) efficiency.[18] The first Trejo factor falls under broad category number one, federalism and decision-making between state and federal courts; Trejo factors two through four fall under broad category number two, fairness; and factors five and six from Trejo fall under the third category, efficiency.[19]

## II.   Application of the *Trejo* Factors

### A.   Federalism -- The proper allocation of decision-making between state and federal courts

With respect to federalism considerations, the Fifth Circuit has stated that, "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."[20]

Federalism considerations weigh in favor of allowing the state courts to interpret Gemini's policy. An insurance contract should be interpreted by the laws of the state in which the insured actions occurred.[21]  Gemini's policy insured actions at the Bio-diesel Construction Project in Norco, Louisiana and therefore its interpretation raises state law issues.[22] Jurisdiction in Gemini's Declaratory Judgment Action is based solely upon diversity jurisdiction under 28 U.S.C. §1332(a). No federal laws are at issues.[23]

---

[18] The Sherwin Williams Co. v. Holmes County, 343 F.3d 383 (5th Cir. 2003). *See also* the discussion in Trent, *supra*, and Eagle, Inc.*, supra*.

[19] Sherwin Williams, *supra*.

[20] Id., at 390-91. *See also* Trent and Eagle, Inc.

[21] Travelers Cas. & Sur. Co. of Am. v. Univ. Facilities, Inc., CIV.A. 10-1682, 2011 WL 197897 (E.D. La. Jan. 20, 2011) citing, Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1170 (10th Cir. 2010). Travelers. is  not a published opinion and is, pursuant to Fifth Circuit Rule 47.5.4 being cited for its persuasive value and its precedential value and a copy is attached as Exhibits N.

[22] Doc. 6-1 pg. 41.

[23] Id., at ¶5.

The four state cases involve the same state law issues as this federal declaratory action. All four petitions allege coverage under the Gemini policy for the alleged losses.[24] To determine the extent of coverage, the state courts will necessarily decide whether the facts alleged in the state court petitions constitute a single or multiple occurrence. Thus, all legal issues raised in federal court by Gemini are state law issues that are pending in the state actions. Accordingly, concepts of federalism dictate that the state court should resolve these issues.

B.   **Fairness/improper forum shopping**

With respect to fairness considerations, the Fifth Circuit has recognized that the mere act of filing a federal declaratory action in anticipation of a state lawsuit is not, in and of itself, impermissible. Rather, the court is concerned with whether there was a legitimate reason to be in federal court.[25] While Gemini's federal action is not procedurally impermissible, application of the individual Trejo factors favors this Court's abstention to promote fairness and to prevent forum shopping.

1.   **Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant**

Gemini can advance no argument to suggest that it did not file in anticipation of litigation. This is obvious because Gemini names the state court plaintiffs in this action. By the time this Declaratory Judgment Action was filed, there was already four lawsuits pending in state court with identical facts. These four petitions already named other insurers who might provide coverage in favor of Turner.  Gemini clearly raced to this Court in anticipation of an amendment to the state court Petitions for Damages adding it as a named defendant. In addition,

---

[24] See. Exhibit A, Exhibit B, Exhibit C, and Exhibit D.
[25] Sherwin Williams, *supra*. See also Trent and Eagle, Inc.

when Gemini filed this action, it was going back and forth with Turner on the issue of coverage and defense in the state court proceedings. Turner tendered its defense to Gemini and Gemini sent a Reservation of Rights letter to Turner.[26] Gemini filed suit in anticipation of the amendment of the state court actions; therefore this factor weighs in favor of dismissal.[27]

### 2.     Whether the plaintiff engaged in forum shopping in bringing the suit

Undeniably, Gemini engaged in forum shopping in deciding to bring its Declaratory Judgment Action in federal court rather than state court. Gemini should have filed this Declaratory Action in state court or joined and litigated the issue on the merits of the existing actions, where the facts were already at issue.[28] Courts applying the Trejo factors have made clear that a procedurally proper forum does not result in the Federal Court exercising its jurisdiction where state law issues are involved, and where judicial economy weighs in favor of the declaratory action being decided in the state court suits.[29]  This factor weights in favor of dismissal.

### 3.     Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists

It is inequitable for Gemini to file for relief in a different jurisdiction than where coverage is alleged. Gemini was fully aware of the ongoing state court lawsuits and that coverage under the policies would be determined while litigating the underlying factual liability issues. Gemini's actions are intended to gain the advantage of limiting its exposure to a single

---

[26] Exhibit F.

[27] The Fifth Circuit has warned that "using a declaratory judgment action to race to *res judicata* or to change forums is thoroughly inconsistent with the purpose of the Declaratory Judgment Act and should not be countenanced." Watkins Strategy & Res. Group, LLC v. WLC, LLC, 433 F. Supp. 2d 778, 783 (S.D. Miss. 2006) (quoting Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir.1993) .

[28] La. C.C.P. arts. 1871 *et. seq.*

[29] See, *e.g.* Dresser, Inc. v. Lowry, 320 F.Supp.2d 486, 492-495 (W.D. La. 2004) and other cases cited herein.

1132321.1

occurrence without joining Axis, the primary excess liability insurer, which is the party with the greatest interest in this matter.

To define the August 16th shootings as a single "occurrence," thereby limiting the coverage available in the state court actions without the other insurers and the excess insurer, is inequitable considering that the other insurers will bear the weight of such a limitation, and will limit coverage available in the state court actions. Gemini has specifically omitted Axis, the OCIP excess insurer, from this declaratory judgment action. As a result, Gemini can obtain a favorable outcome by limiting exposure to a single "occurrence" and thereby increase Axis' liability without its opportunity to protest. The other insurers have an interest in litigating this issue and Gemini should not be afforded precedential favor.

All three Trejo fairness factor weigh in favor of abstention. Gemini anticipated involvement in state courts but filed this federal action. The underlying issues are part and parcel to the state court suits where this issue should be determined. Allowing Gemini first crack at limiting its exposure by procedural fencing is unfair to all other parties with an interest in the outcome of the state court actions. Accordingly, out of fairness, this Court should decline to exercise its jurisdiction over Gemini's Complaint for Declaratory Judgment.

### C.    Efficiency

Whether the federal court or the state court should interpret the policy should be based on which court is best positioned to fully resolve all of the issues between all of the affected parties. With respect to efficiency, the Fifth Circuit has stated: "A federal district court should avoid duplicative or piecemeal litigation where possible. A federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal

1132321.1

litigation and duplication of effort in state and federal courts. Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues."[30]

In <u>Ranger Ins. Co. v. United Housing of New Mexico, Inc.</u>, the Fifth Circuit held that a claimant, an insured, and an insurer are all necessary parties in actions that seek to determine whether an insurer is liable for the loss of the claimant.[31] In this suit, Gemini issued the primary policy, and Axis issued the excess policy for injury related to the Diamond Green Biodiesel Construction Project. Gemini's coverage obligations are necessarily connected to Axis and the other state-court-defendant insurers.[32] Under the reasoning of the court in <u>Ranger</u>, Axis is a necessary party to this litigation and this Court should decline to exercise its jurisdiction to avoid piecemeal trial in state court.[33]

Further, the state court plaintiffs cannot bring a diversity action against Turner and the insurers. Since those claims **must** be litigated in the state court suits regardless of what this Court does, it makes sense that the insurance coverage issues should be litigated in that suit as well. Only the state courts can adjudicate **all of the issues** as to **all of the parties** involved in the August 16th shootings. As such, dismissal is proper.

In order to fully litigate the existence of multiple or a single occurrence between Gemini and Turner, the parties will need to litigate the underlying factual issues giving rise to liability in the state court actions. These are very large and complicated cases which will involve significant

---

[30] <u>Sherwin-Williams</u>, 343 F.3d at 391.

[31] <u>Ranger Ins. Co. v. United Housing of New Mexico, Inc.</u>, 488 F.2d 682 (5th Cir.1973).

[32] See, <u>Zurich Am. Ins. Co. v. Electronics for Imaging, Inc.</u>, C 09-02408 WHA, 2009 WL 2252098 (N.D. Cal. July 28, 2009)

[33] <u>Ins. Co. of State of Pennsylvania v. LNC Communities II, LLC</u>, No. 11-CV-00649-MSK-KMT, 2011 WL 5548955 (D. Colo. Aug. 23, 2011) <u>report and recommendation adopted</u>, 11-CV-00649-MSK-KMT, 2011 WL 5553808 (D. Colo. Nov. 15, 2011).

discovery. If this Court maintains jurisdiction over the Declaratory Judgment, it will be necessary to duplicate much of the work done in the state court litigation.

It makes no sense to waste judicial resources and litigate the underlying factual issues both in federal and state court. It is not judicially efficient to try the same issues twice; it also raises the prospect of inconsistent verdicts. All of these aspects of judicial efficiency overwhelmingly suggest that Gemini's declaratory action with Turner should be tried in the state court suit where it has been made an issue and can be tried once and completely.

### III. In the context of a declaratory judgment action involving insurance coverage, where there is a pending state court suit involving the underlying liability and damage issues related to the insurance coverage issues, federal courts generally decline to exercise jurisdiction over the federal court declaratory judgment action.

Federal courts have routinely abstained from declaratory judgment actions involving insurance coverage where there is a state court suit encompassing coverage and the underlying liability and damages issues.[34]

For example, American Employers' Ins. Co. v. Eagle, Inc.,[35] involved a declaratory judgment action by a commercial liability insurer against its insured. The Fifth Circuit went through the Trejo factors, as distilled in Sherwin-Williams, and abstained from exercising jurisdiction. In discussing the federalism considerations, the court stated, "In the instant case, the dispute involves the interpretation of an insurance contract and interpretation of state insurance law as it relates to asbestos claims, both of which are state law matters."[36] The court determined

---

[34] In QBE Specialty Insurance Co. v. Commcare Louisiana, et. al., the court abstained from jurisdiction in a declaratory judgment action involving insurance coverage where a Louisiana state suit was pending on the underlying issues of liability and damages. 5:10-cv-01617, 2011 WL 1496032 (W.D. La. 2011). (QBE. is not a published opinion and is, pursuant to Fifth Circuit Rule 47.5.4 being cited for persuasive value and not its precedential value and a copy is attached as Exhibit M.

[35] Supra. This opinion was not selected for publication and is, therefore, not precedent. However, pursuant to Federal Rule of Appellate Procedure 47.5.4, the opinion may still be cited and may be persuasive.

[36] Id., at p.3.

that the declaratory judgment would require a determination of state law and/or the determination of factual circumstances of the underlying asbestos claims. The federal court recognized that it would not be able to conclusively resolve the dispute between all of the parties involved in these issues and concluded it would not be more efficient for a federal court to initially hear the claims. Accordingly, the court held that the district court did not abuse its discretion by granting the insured's motion to abstain in favor of the state court action.

Similarly, in Trent v. Nat'l City Bank of Indiana,[37] the Fifth Circuit dismissed a declaratory judgment action filed by a trust beneficiary against a trustee. The court went through the Trejo factors and concluded:

> Here, Trent concedes that this case only involves Indiana state law issues. Thus, the state court addressing the same state law issues would appear to be the more appropriate forum for resolving this dispute. Similarly, as the district court correctly noted, certain parties whose interests may be affected by the district court's ruling are not participants in the federal suit and judicial economy would be served by having all the issues determined in one proceeding. Accordingly, we find that the district court did not abuse its discretion in applying the factors for abstaining under Brillhart.[38]

In Sphere Drake Ins. Co, v. Tiger Tennis Camp,[39] the Middle District of Louisiana dealt with facts similar to this declaratory judgment action, brought by an insurer to determine its obligations under the policy it issued to the insured, who was a defendant in an underlying tort suit in state court. The state court case involved an alleged assault and the federal court case

---

[37] *Supra*. This opinion was not selected for publication and is, therefore, not precedent. However, pursuant to Federal Rule of Appellate Procedure 47.5.4, the opinion may still be cited and may be persuasive.

[38] Id., at p. 2.

[39] 839 F.Supp. 403 (M.D. La. 1993).

1132321.1

involved the issue of insurance coverage and defenses related to the alleged assault. In granting the motion to dismiss, the court stated:

> After carefully considering the arguments of counsel, the court finds that the relevant factors weigh heavily in favor of abstention. First, the only basis for federal jurisdiction is diversity of citizenship; thus all issues are state law issues particularly suited to resolution by the state courts. It is readily apparent that the state court proceedings encompass not only the coverage and defense issues which are raised here, but also the tort action itself. From the allegations of the complaint, it appears that plaintiff filed this action in anticipation of being made a party to the state court proceedings. Consequently, it further appears that plaintiff has engaged in forum shopping in bringing this action. While trying this case in federal court in Baton Rouge would be no less convenient or equitable than trying it in the Nineteenth Judicial District Court located here, it would clearly serve the interests of judicial economy to have all of the issues resolved in one forum. From the state court petition, it appears that there may be other insurance policies at issue involving similar (and perhaps additional insurance questions) best handled by one forum.[40]

In Palmer v. Boucvalt,[41] the Court, dismissed a federal court declaratory judgment action after applying the Brillhart factors. Suit was filed by an insurer regarding coverage arising out of a state court suit for damages incurred as a result of a three-wheeler accident at that hunting club. The insurer in Palmer, was seeking a declaration that the state-court plaintiff was not acting "on behalf of the Insured," under the policy. In dismissing the federal court declaratory judgment action, the Court stated:

> Plaintiffs concede that the pending state court litigation can resolve all of the issues of fault, damages and insurance coverage whereas the pending federal court declaratory action can only decide the insurance coverage issue. The state court suit was filed two years before the federal court declaratory action includes the insurance coverage issue raised in the federal suit. There is no danger of

---

[40] 839 F.Supp. at 405.

[41] 789 F.Supp. 211 (M.D. La. 1992).

piecemeal litigation in the state action. In short, the Court feels that judicial economy would best be served if all issues arising from plaintiff's accident were tried together in one lawsuit.[42]

As with the above cases, the present case involves an insurer seeking a declaration in federal court regarding a policy at issue in state court. Gemini's federal declaratory action involves no issues of federal law, but rather, purely issues of state insurance and tort law. The state court suits and the federal court suit will necessarily overlap as both will litigate the same factual issues on the underlying tort claims.

In addition, not all parties to the state court suits are before this Court on Gemini's Complaint for Declaratory Judgment. The state court suits involve numerous claims by the Deputies against Turner Industries and the three other insurance companies that cannot be brought in this federal action. Thus, there is only one forum which can try all issues as to all parties and conclusively resolve all litigation related to the August 16th shootings -- the state courts.

## CONCLUSION

Concerns of federalism, fairness, and judicial efficiency all weigh overwhelmingly in favor of this Court declining jurisdiction over Gemini's Complaint for Declaratory Judgment.

Gemini's claims for declaratory relief are inextricably connected to the state court actions. Federalism weighs in favor of allowing the state courts to determine these issues of state law. Gemini knew its inevitable involvement in the state court actions and yet it filed in federal court to obtain a determination without opposition from Axis.[43] While Gemini may not have engaged in any impermissible procedural action, this sort of forum shopping unfair. The state

---

[42] 789 F.Supp. at 213.
[43] Exhibit F.

courts are able to properly hear all of the issues involved (regarding liability and coverage) and will necessarily have to make identical determinations of law based on presentation of identical fact. If the action is not dismissed both duplicative and piecemeal litigation will inhibit judicial efficiency.

The courts have routinely held that where the federal court declaratory judgment action pertains to insurance coverage and defense issues, it does not matter whether there is a state court declaratory judgment action yet pending, especially when there is a pending state court suit on the underlying liability issues.

Here, the state court lawsuits can resolve the policy interpretation and the underlying liability issues. This Court does not have the ability to resolve all issues among all parties (particularly the factual issue that will impact liability and coverage). Thus, there are simply no issues weighing in favor of this court exercising jurisdiction over Gemini's Complaint for Declaratory Judgment. Given the overwhelming applicability of all the factors in favor of letting the state court suits resolve the issues raised in this action, this Court should decline to exercise jurisdiction over this suit.

WHEREFORE, Turner Industries, Inc. requests this Court to grant its Motion to Dismiss and to dismiss Gemini Insurance Company's Complaint for Declaratory Judgment without prejudice.

- 17 -

BY ATTORNEYS,

BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-381-8029

/s/ *Douglas K. Williams*

Douglas K. Williams, La Bar Roll No. 2187
Saul R. Newsome, La Bar Roll No. 34694