UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEMINI INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-05922** |
| **TURNER INDUSTRIES GROUP, LLC and/or TURNER INDUSTRIES, LLC, M. SCOTT BOYINGTON, WENDY BOYINGTON DANIELL LEGON NIELSON, MISTY MCTOPY TRICHE, JASON TRICHE, and MELISSA TRICHE** | **SECTION: "C"** |

## ORDER AND REASONS[1]

Before this Court is the Motion to Dismiss on Grounds of Abstention filed by defendant Turner Industries Group, LLC ("Turner"). Rec. Doc. 15-2. The plaintiff, Gemini Insurance Company ("Gemini"), opposes. Rec. Doc. 17. Having considered the record, the memoranda of counsel, and the law, the Court determines that the defendant's Motion to Dismiss on Grounds of Abstention is GRANTED.

## I. BACKGROUND

This case arises out of several shootings that occurred in St. John the Baptist Parish. Rec. Doc. 15-2 at 2. Valero Energy Corporation ("Valero") hired Scott Boyington, a St. John the Baptist Parish Sheriff Deputy, to provide private security at a parking lot. Rec. Doc. 6 at ¶ 17, Rec. Doc. 15-2 at 2. Turner Industries Group, LLC employees used the off-site lot in part while working on the Diamond Green Biodegradable Diesel Construction Project in Norco, Louisiana. Rec. Doc. 15-2 at 2. According to the First Amended Complaint, on the morning of August 16, 2012, Terry Smith was driving a vehicle in which Kyle David Joekel and Brian Smith were also occupants. Rec. Doc. 6 at ¶ 18, Rec. Doc. 17 at 3. Around 5:00 a.m., Terry Smith, driving at a

---

[1] Cindy Allen, a second-year student at Emory University School of Law, assisted in the preparation of this Order and Reasons.

high rate of speed, cut a line of other vehicles to exit the Valero off-site parking lot. *Id.* Boyington was working security detail at the time, controlling traffic in the parking lot during a shift change. Rec. Doc. 6 at ¶ 17, Rec. Doc. 17 at 3. When Terry Smith's vehicle cut the line, Boyington asked Terry Smith to pull over and show his driver's license. Rec. Doc. 6 at ¶ 19, Rec. Doc. 17 at 3. Smith refused, and he again refused Boyington's subsequent request for Smith to give him his Valero/Turner badge. *Id.* Terry and Brian Smith and Joekel then fled the parking lot in their vehicle. Rec. Doc. 6 at ¶ 19, Rec. Doc. 15-2 at 2. Boyington gave chase in his vehicle. Rec. Doc. 6 at ¶ 20, Rec. Doc. 15-2 at 2. At some point, Terry Smith's vehicle stopped in the roadway, and one or more of the occupants exited the vehicle and started shooting at Boyington, who was struck by multiple bullets. Rec. Doc. 6 at ¶ 20-21, Rec. Doc. 15-2 at 2. The Terry Smith vehicle then fled the scene. Rec. Doc. 6 at ¶ 21, Rec. Doc. 15-2 at 2

Following the first shooting, St. John the Baptist Parish Deputies Jason Triche, Jeremy Triche, and Brandon Nielson drove to the temporary residence of Terry Smith, Brian Smith, and Joekel. Rec. Doc. 6 at ¶ 22-23, Rec. Doc. 17 at 3. These Deputies were ambushed upon arrival. Rec. Doc. 17 at 3. Deputies Jeremy Triche and Brandon Nielson were shot fatally; Deputy Jason Triche was injured, but survived. Rec. Doc. 6 at ¶ 23, Rec. Doc. 15-2 at 3.

Four lawsuits have been filed in state court in relation to the shootings, all of which name Joekel, Terry Smith, Brian Smith, Turner and/or Turner Industries, LLC, ACE American Insurance Company and/or the ACE Group, and Steadfast Insurance Company as defendants. Rec. Doc. 6 at ¶ 15, Rec. Doc. 17 at 2. On August 14, 2013, plaintiffs M. Scott Boyington, Wendy Boyington, Landon Boyington, and Madison Boyington; plaintiffs Daniell Legon Nielson, individually and on behalf of her minor child, Lily Nielsen; and plaintiffs Misty McTopy Triche, individually and on behalf of her minor child, Kade M. Triche, filed Petitions

2

for Damages in the 40th Judicial District Court for the Parish of St. John the Baptist. Rec. Doc. 17 at 2, Rec. Doc. 15-2 at 3; *see generally*, Rec. Doc. 6-2. The next day, August 15, 2013, plaintiffs Jason Triche and Melissa Triche, individually and on behalf of their minor child, Payton N. Triche also filed a Petition for Damages in the 40th Judicial District Court for the Parish of St. John the Baptist. *Id.* The four Petitions all contain similar, if not identical, allegations regarding the shootings; they all allege multiple counts of negligence against Turner related to its employment, retention, and security procedures. *Id.* Moreover, each Petition seeks damages from Turner by alleging that the occupants of the Terry Smith vehicle were Turner employees. Rec. Doc. 15-2 at 3. The Petitions also seek recovery from insurers who issued policies for Turner's benefit. *Id.*

Plaintiff Gemini issued a general liability policy with policy number VCWP001018 ("Policy") to named insureds Diamond Green Diesel, LLC, Diamond Green Diesel Holdings, LLC, Darling International, Inc., and Valero for the period between April 15, 2011 and March 31, 2013. Rec. Doc. 6 at ¶ 9, Rec. Doc. 17 at 4. Turner is not named as an insured. Rec. Doc. 17 at 5. However, as a contractor working on the Valero Refinery construction project, "Turner may be afforded coverage under the Policy pursuant to its participation in the Diamond Green Diesel Owner Controlled Insurance Program ["OCIP"] for the Valero Refinery construction project." Rec. Doc. 1 at ¶ 9. Turner claims that it is a participant in Diamond Green's OCIP, and Gemini is currently defending Turner under a reservation of rights. Rec. Doc. 17 at 5.

The Policy limits are $2 million per occurrence with a $4 million general aggregate and a $100,000 per occurrence deductible. Rec. Doc. 6 at ¶ 11, Rec. Doc. 17 at 4-5. The Policy provides insurance "for sums the insured becomes legally obligated to pay as damages because of 'bodily injury'" that "occurs during the policy period." Rec. Doc. 6 at ¶ 12, Rec. Doc. 17 at 5.

"Bodily injury" has to be caused by an "occurrence," which is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Rec. Doc. 6 at ¶ 12-13, Rec. Doc. 17 at 5.

Plaintiff Gemini filed the suit at hand on September 24, 2013, seeking a declaratory judgment pursuant to 28 U.S.C. 2201 and Federal Rule of Civil Procedure 57. Rec. Doc. 1 at ¶ 32.

> Gemini seeks a judicial declaration that if the claims asserted against Turner in all four underlying lawsuits are covered under the Policy, which Gemini reserves its right to deny, that such claims arise out of a single occurrence that is subject to a single occurrence limit of liability under the Policy that was issued by Gemini.

*Id.* Gemini was added as a defendant in the underlying state court cases after it filed its complaint for declaratory judgment. Rec. Doc. 17 at 4. Defendant Turner moved to dismiss this case on grounds of abstention. Rec. Doc. 15-2.

## II. STANDARD OF REVIEW

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, courts have discretion to decline jurisdiction. This discretion "is broad," but "not unfettered." *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (quoting *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993)). For example:

> in the declaratory judgment context, the Supreme Court instructs that district courts are vested with greater discretion in determining whether to stay or dismiss the declaratory judgment suit in light of a pending state proceeding, observing that "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."

*U.S. Fire Ins. Co. v. Hous. Auth. of New Orleans*, 917 F. Supp. 2d 581, 587 (E.D. La. 2013) (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)).

In considering whether to dismiss a declaratory judgment action, courts in the Fifth Circuit balance factors set out in *St. Paul Ins. Co. v. Trejo*. The relevant, nonexclusive factors include:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy;
> and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co.*, 39 F.3d at 590-91. In *Sherwin-Williams Co. v. Holmes County*, 343 F. 3d 383, 390-92 (5th Cir. 2003), the court distilled these seven factors into three broader categories: (1) federalism and comity (*Trejo* factor numbers one and seven), (2) fairness (*Trejo* factors numbers two through four), and (3) efficiency (*Trejo* factor numbers five and six). *Sherwin-Williams*, 343 F. 3d at 390-392.

### III. LAW AND ANALYSIS

**A. Federalism and Comity**

*Trejo* factor number seven is irrelevant in the case at hand, as this Court is not being "called on to construe a state judicial decree." *St. Paul Ins. Co.*, 39 F.3d at 591. With regard to *Trejo* factor number one, there are related pending state actions. Plaintiff contends that this factor weighs against abstention because the state court cases, though related, are nonetheless not parallel cases. Under *Trejo*, though, the cases do not seem to need to be completely parallel for

5

the first factor; however, the pending state actions do need to allow for "all of the matters in controversy" to "be fully litigated." *St. Paul Ins. Co.*, 39 F.3d at 590. The court in *Sherwin-Williams Co.* noted that "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams Co.*, 343 F.3d at 390-91.

The parties agree that state law generally governs insurance law, and the Fifth Circuit has held, "[C]onstruction of insurance policies is a matter of state law." *Minter v. Great Am. Ins. Co. of New York*, 423 F.3d 460, 466 (5th Cir. 2005) (quoting *Canal Ins. Co. v. First Gen. Ins. Co.*, 889 F.2d 604, 608 (5th Cir.1989), modified by 901 F.2d 45 (5th Cir.1990)). Plaintiff's contention that the fact the declaratory judgment raises only issues of state law would only matter under the doctrine of abstention set out in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) is incorrect, as the Fifth Circuit considers whether there are pending state cases that involve the same state law issues. *Sherwin-Williams Co.*, 343 F.3d at 390-91. Plaintiff only seeks a judicial declaration that "the claims asserted against Turner in all four underlying lawsuits are covered under the Policy, which Gemini reserves its right to deny, that such claims arise out of a single occurrence that is subject to a single occurrence limit of liability under the Policy that was issued by Gemini." Rec. Doc. 6 at ¶ 32. What plaintiff seeks is a matter concerning the construction of an insurance policy, which is therefore a matter of state law.

Moreover, plaintiff's claim that the "issues in the state and federal proceedings would be totally and undeniably distinct" seems exaggerated. Rec. Doc. 17 at 9. Plaintiff raised as an affirmative defense in its answer to one of the state court complaints that "no coverage is provided for any 'bodily injury' which is not caused by an 'occurrence.'" Rec. Doc. 20-5 at 15.

Thus, to determine the extent of coverage, the state court will necessarily have to consider how many occurrences there were. Accordingly, the federalism and comity factor weighs in favor of abstention.

**B. Fairness**

Defendant Turner admits that plaintiff Gemini bringing suit in federal court was "not procedurally impermissible;" however, Turner does contend that Gemini filed in anticipation of litigation. Rec. Doc. 15-2 at 8. Plaintiff does not explicitly deny this allegation, but it does assert that it "looked at the likelihood of litigating the number of occurrences issue in multiple lawsuits, which would possibly result in inconsistent rulings, and responded by filing a declaratory judgment action." Rec. Doc. 17 at 12. Furthermore, plaintiff Gemini claims that it "seek[s] the neutral protection of the federal court through a diversity action." *Id.* at 13. In *Sherwin-Williams*, the court noted, "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Sherwin-Williams Co.*, 343 F.3d 383, 391 (5th Cir. 2003). Plaintiff Gemini was aware that it might have to defend Turner in the underlying state cases, as it sent defendant Turner a Reservation of Rights Letter on July 22, 2013. Rec. Doc. 15-9. Moreover, it seems that Gemini is attempting to use a federal court to limit its ultimate payout on the Policy by seeking to have this Court declare that the events of August 16, 2012 were the result of only one "occurrence."

Plaintiff's rely on *Travelers Ins. Co*, 996 F. 2d 774 to suggest that avoiding multiple lawsuits in multiple courts is a legitimate reason for bringing a federal declaratory judgment action and not inappropriate forum shopping. *Travelers Ins. Co.*, 996 F. 2d at 776-7, 779. However, *Travelers Ins. Co.* is not analogous. In that case, the declaratory plaintiff sought a

7

declaratory judgment when it "had already been sued in three different Louisiana district courts which sat in three different Louisiana appellate circuits" and also faced the possibility of being sued in more than one state. *Travelers Ins. Co.*, 996 F.2d at 777, n.8. Here, the state court cases are all pending in the same court, thus lessening the burden on Gemini. Moreover, in *Travelers Ins. Co.*, the defendant had effectively "waived any right to argue that the district court should have given priority to her state suit." *Id.* at 777. Furthermore, Travelers Insurance was the only insurer involved in *Travelers Insurance Co.*, whereas here there are several insurance companies involved, two of which are already parties in the state proceedings.

     Plaintiff Gemini cites to non-binding law to support its contention that "allowing Gemini to gain precedence in time or change of forum" is not inequitable. Rec. Doc. 17 at 14-15. *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371 (4th Cir. 1994). However, again, the case Gemini puts forth is not analogous. In *Nautilus Ins. Co.*, the insurance company "sought a declaration that it was not obligated to defend or indemnify…against the claims being asserted…in the state court actions." *Id.* at 373. Thus, the rationale that determining "the respective interests and obligations of insured and insurers" and "designat[ing] the bearer of ultimate liability in the underlying cases" would encourage "shaping a settlement strategy" was appropriate. *Id.* at 376. Here, though, the declaratory judgment plaintiff Gemini seeks would not determine ultimate liability, it would merely determine an issue of Policy construction. Moreover, *Nautilus Ins. Co.*, again, involved only one insurance company, whereas here the liability and coverage issues of several insurance companies are interrelated. Accordingly, the fairness favors weigh in favor of abstention.

**C. Efficiency**

Plaintiff Gemini has admitted that the convenience factor is negligible because "the state and federal courthouses at issue are in close proximity to each other." Rec. Doc. 17 at 16. Furthermore, courts should seek to avoid duplicative litigation. *Sherwin-Williams Co.*, 343 F.3d at 391. Determining the number of occurrences in this case would necessarily involve litigating the underlying factual issues also at stake in the underlying state court cases and thus replication of effort. Moreover, the state court plaintiffs cannot bring a diversity action against Turner and the other insurers, thus the factual issues have to be determined in state court. Finally, to the extent that plaintiff Gemini is concerned about the possibility of inconsistent results in the underlying state court cases, those cases could potentially be consolidated under La. Code Civ. Proc. art. 1561.

Accordingly, IT IS ORDERED that the defendants' Motion to Dismiss on Grounds of Abstention is GRANTED.

New Orleans, Louisiana this 15th day of July, 2014.

**HELEN G BERRIGAN**
**UNITED STATES DISTRICT JUDGE**